**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHRIS ANN JAYE,

    Plaintiff,

v.

JOHN HOFFMAN, et al.,

    Defendants.

Civil Action No. 16-7771 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on three separate motions. First, Defendants Mary Melfi and the Clerk's Office of Hunterdon County (collectively, the "Clerk's Office Defendants") filed a Motion to Vacate Entry of Default. (ECF No. 36.) Plaintiff Chris Ann Jaye ("Plaintiff") filed opposition (ECF No. 41), and the Clerk's Office Defendants replied (ECF No. 50).

    Second, Defendants Honorable Allison Accurso, Honorable Peter A. Buchsbaum, Honorable Yolanda Ciccone, Honorable Margaret Goodzeit, Honorable Michael Haas, Honorable Douglas Hurd, Honorable Paul Innes, Honorable Mary Jacobson, Honorable Thomas Manahan, Honorable Janetta Marbrey, Honorable Patrick McManimon, Honorable Stuart Rabner, and Honorable Joseph Yannotti (collectively, the "State Judge Defendants"), Judith Irizzari, Christopher Koos, and Caroline Record (collectively, the "State Court Employee Defendants"), Ashley Gagnon, Brian Wilson, Ione Curva, Brian Flanagan, and former Attorney General of the State of New Jersey John J. Hoffman (collectively, the "State AG Office Defendants") (the State Judge Defendants, the State Court Employee Defendants, and the State AG Office Defendants are,

collectively, the "State Defendants") filed a Motion to Dismiss Plaintiff's Complaint. (ECF No. 9.) Plaintiff filed opposition (ECF No. 17), and the State Defendants replied (ECF No. 18).

Third, on behalf of the Honorable Peter G. Sheridan, U.S.D.J., the United State of America (the "Government") filed a Statement of Interest, seeking dismissal of all claims against Judge Sheridan.[1] (ECF No. 32.) Plaintiff filed opposition. (ECF No. 45.)

The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Clerk's Office Defendants' Motion to Vacate Entry of Default, the State Defendants' Motion to Dismiss, and the Government's request for dismissal of all claims against Judge Sheridan are GRANTED.

## I. Background

### A. Related Litigation

Plaintiff is a condominium unit owner with the Oak Knoll Village Condominium Association (the "OK Owners Association"). *Jaye v. Oak Knoll Vill. Condo. Owners Ass'n*, No. 15-8324, 2016 WL 7013468, at *3 (D.N.J. Nov. 30, 2016). In March 2012, Plaintiff filed numerous claims against the OK Owners Association with the Superior Court of New Jersey,[2] and OK Owners Association filed a counterclaim against Plaintiff for unpaid condominium fees. *Id.* at *2. The Superior Court of New Jersey dismissed all of Plaintiff's claims. *Id.*

---

[1] "Because 28 U.S.C. § 517 authorizes the Department of Justice to attend to the interests of the United States, which are implicated by [Plaintiff's claims against Judge Sheridan], and [Plaintiff] was provided an opportunity to respond the Statement [of Interest], the Court construes the Statement [of Interest] as a Motion to Dismiss." *Gochin v. Thomas Jefferson Univ.*, No. 16-6153, 2017 WL 2152177, at *1 n.1 (E.D. Pa. May 17, 2017).

[2] Plaintiff brought claims for harassment, intentional inflection of emotional distress, breach of fiduciary duty, contempt, and violation of the Fair Debt Collection Practices Act against the OK Owners Association in the March 2012 action. *Jaye v. Oak Knoll Vill. Condo. Owners Ass'n*, No. 15-8324, 2016 WL 7013468, at *2 (D.N.J. Nov. 30, 2016).

2

In October 2013, Plaintiff brought suit against the Honorable Yolanda Ciccone, alleging constitutional violations due to Plaintiff's dissatisfaction with Judge Ciccone's rulings in prior state court litigation over which Judge Ciccone presided. *See Jaye v. Ciccone*, No. A-3817-13T2, 2016 WL 731927, at *1 (N.J. Super. Ct. App. Div. Feb. 10, 2016). The trial court dismissed the case, Plaintiff appealed, and the Appellate Division affirmed the trial court's decision. *Id.* at *1-2.

In December 2014 (the "December 2014 Action"), Plaintiff filed an action in federal court against several state government defendants.[3] *Jaye v. Hoffman*, No. 14-7471, 2015 WL 540315, at *1 (D.N.J. Feb. 10, 2015). Plaintiff alleged that judges, former or pressent attorneys at the New Jersey Office of the Attorney General, and various state court personnel unlawfully conspired against her to deny her claims and grant judgment in favor of OK Owners Association. *Id.* at *2. Plaintiff also alleged that the defendants deprived her of her constitutional rights during the state court actions. *Id.* The matter was originally assigned to the Honorable Joel Pisano, U.S.D.J., and was later assigned to Judge Sheridan. (Order, *Jaye v. Hoffman*, No. 14-7471 (D.N.J. Dec. 21, 2015), ECF No. 14.) Plaintiff subsequently moved to recuse Judge Sheridan, and the motion was granted. (Order at 1, *Jaye v. Hoffman*, No. 14-7471 (D.N.J. July 23, 2015), ECF No. 25.) The matter was then assigned to the Undersigned, who dismissed Plaintiff's second amended complaint with prejudice for failure to state a claim.[4] (Op. at 2, *Jaye v. Hoffman*, No. 14-7471 (D.N.J. Dec. 21, 2015), ECF No. 64.)

---

[3] Defendants in the December 2014 Action included former New Jersey Attorney General John J. Hoffman, Deputy Attorney General Ione Curva, the Honorable Peter A. Buchsbaum, the Honorable Yolanda Ciccone, the Honorable Mary Jacobson, the Honorable Patrick McManimon, Christopher Koos, Judith Irizzari, and Caroline Record. *See Jaye v. Hoffman*, No. 14-7471, 2015 WL 540315, at *2 (D.N.J. Feb. 10, 2015).

[4] Judge Pisano originally dismissed the complaint, reasoning that the *Rooker-Feldman* doctrine barred Plaintiff's claims. (Op. at 5, *Jaye v. Hoffman*, No. 14-7471 (D.N.J. Feb. 10, 2015), ECF No. 10.) Plaintiff was given the opportunity to amend her complaint. (Order, *Jaye v. Hoffman*, No. 14-

### B. Plaintiff's Allegations in the Instant Action

The instant action arises out of alleged misconduct by various state and federal government defendants over the course of various legal disputes in state and federal court. (Compl. ¶¶ 23-77, ECF No. 1.) Plaintiff brings claims against the same government defendants from the December 2014 Action, and has named additional government defendants. (*Id.* ¶¶ 2-22.) Plaintiff alleges generally that the State Defendants "deliberately refused to apply the public policy and law as it applied to the authorization for litigation involving condominium associations." (*Id.* ¶ 50.) Plaintiff also asserts various other claims against Defendants for alleged improper conduct during Plaintiff's legal actions. (*Id.* ¶¶ 23-70.)

Plaintiff now brings four claims against the State Defendants and Judge Sheridan: (1) violation of 42 U.S.C. § 1983 ("Count One"); (2) violation of 42 U.S.C. § 1985(2) ("Count Two"); (3) violation of 42 U.S.C. § 1986; and (4) violation of the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6-1, *et seq.* (*Id.* ¶¶ 78-97.) Plaintiff seeks injunctive relief, compensatory damages, punitive damages, and attorneys' fees and costs. (*Id.* at 10.)

## II. Legal Standard

### A. Rule 55(c) Motion for an Order Vacating Default

A motion to enter default judgment and a motion to vacate default are both governed by Rule 55 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a), (c). Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The decision to vacate a default is left to the sound discretion of the district court. When deciding

---

7471 (D.N.J. Dec. 21, 2015), ECF No. 31.) After providing Plaintiff three opportunities to file an adequate pleading, Plaintiff failed to state a claim for which relief could be granted pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, and the Court dismissed her claims with prejudice. (Op. at 2, *Jaye v. Hoffman*, No. 14-7471 (D.N.J. May 25, 2016), ECF No. 64.)

4

whether to vacate default, however, the court must consider three factors: "(1) [w]hether the plaintiff will be prejudiced [if default is lifted]; (2) [w]hether the defendant has a meritorious defense; and (3) [w]hether culpable conduct of the defendant led to the default." *See Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982). "There is a distinction between a default standing alone and a default judgment. . . . Less substantial grounds may be adequate for setting aside a default than would be required for opening a judgment." *Feliciano*, 691 F.2d at 656. Where there is a close case, the Third Circuit has instructed that it "should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983) (citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)).

**B.    Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the Court conducts a three-part analysis. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* at 210-11. Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

"Where, as here, a plaintiff is proceeding pro se, the complaint is 'to be liberally construed,' and, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings

5

drafted by lawyers.'" *Walsh v. Household Fin. Corp. III*, No. 15-4112, 2016 WL 6826161, at *2 (D.N.J. Nov. 17, 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007)). "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Id.* (quoting *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010)).

**III.     Discussion**

    **A.     Motion to Vacate Entry of Default**

The Clerk's Office Defendants argue that the entry of default against them should be set aside because: (1) Plaintiff will not be prejudiced by setting aside the entry of default; (2) the Clerk's Office Defendants have a meritorious defense; and (3) the Clerk's Office Defendants did not engage in culpable conduct. (Clerk's Office Defs.' Moving Br. 4-6, ECF No. 36-2.) The Court agrees with the Clerk's Office Defendants.

With respect to whether setting aside the entry of default would prejudice Plaintiff, Plaintiff merely aruges that it would cause her "unecessary expenses." (Pl.'s Opp'n to Mot. to Vacate 2, ECF No. 41.) "Prejudice to the plaintiff exists[, however,] where a defendant is judgment-proof or where 'there has been loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" *1199 SEIU United Healthcare Workers E. v. Amboy Care Ctr., Inc.*, No. 15-309, 2015 WL 3649031, at *3 (D.N.J. June 11, 2015) (quoting *Julaj v. Tau Assocs. LLC*, 2013 WL 4731751, at *4 (D.N.J. Sept. 3, 2013)). The Clerk's Office Defendants, accordingly, argue that Plaintiff will not suffer prejudice as a result of vacating the entry of default because "Plaintiff has not entered default against all defendants and as such must litigate the case in any event." (Clerk's Office Defs.' Moving Br. 5.) The Court agrees with the Clerk's Office

6

Defendants and, in light of Plaintiff's failure to provide adequate reason to find otherwise, the Court finds that the Clerk's Office Defendants have satisfied the first element.

With respect to the second factor, "[a] meritorious defense is established if the 'allegations of defendant's answer, if established at trial, would constitute a complete defense to the action.'" *Amboy Care Ctr.*, 2015 WL 3649031, at *2 (quoting *Perry v. Burns*, No. 11-2840, 2013 WL 1285302, at *6 (D.N.J. Mar. 26, 2013)). In the Complaint, Plaintiff claims that the Clerk's Office Defendants recorded liens and assignments against Plaintiff's property that were invalid, and that the Clerk's Office Defendants "deliberately refused to act to discharge recorded liens filed against Plaintiff's home after they were paid." (Compl. ¶¶ 40-41.) In support of their Motion to Vacate Entry of Default, the Clerk's Office Defendants argue that "any entry made by the [Clerk's Office Defendants] was based on valid Court Orders and the [Clerk's Office Defendants were] simply doing what is required by the Court Rules." (Clerk's Office Defs.' Moving Br. 5.) Moreover, the Clerk's Office Defendants further contend that they "would be entitled to immunity." (*Id.*) The Court finds that the Clerk's Office Defendants' proffered meritorious defense, "if established at trial, may constitute a complete defense to the action." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 870 (3d Cir. 1984)). Although the Court does not judge the validity of this defense, "it is sufficient that [the Clerk's Office Defendants'] proffered defense is not 'facially unmeritorious.'" *Id.* (quoting *Gross*, 700 F.2d at 123).

With respect to the final factor, "the standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant." *Hritz v. Florence Mining Co.*, 732 F.2d 1178, 1182 (3d Cir. 1984). Here, the Clerk's Office Defendants argue that they have "filed [their] entry of appearance . . . so Plaintiff knew [their] Answer would be filed yet chose to enter

7

Default." (Clerk's Office Defs.' Moving Br. 6.) Plaintiff, on the other hand, argues that the Clerk's Office Defendants have failed to comply with the Court's rules. (Pl.'s Opp'n to Mot. to Vacate 1.) Based on the parties' submissions, the Court finds that the Clerk's Office Defendants' default was not willful or in bad faith. Accordingly, because all three factors weigh in favor of vacating the entry of default, the Clerk's Office Defendants' Motion to Vacate Entry of Default is granted.

> B.  **The State Defendants' Motion to Dismiss**
>
>> 1.  Res Judicata

Defendants former Attorney General Hoffman, former Deputy Attorney General Curva, Koos, Irizarry, Record, Judge Buchsbaum, Judge Ciccone, Judge Jacobson, and Judge McManimon (collectively, "these Defendants" for the purposes of this subsection) argue that Plaintiff's claims against them are barred under the doctrine of res judicata due to prior litigation in the December 2014 Action. (State Defs.' Moving Br. 23-31, ECF No. 9-4.)

The doctrine of res judicata prevents parties from bringing claims that were previously litigated or could have been litigated in the previous action. *Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007). Under res judicata, a subsequent suit is precluded when: "(1) the judgment in the first action is valid, final and on the merits; (2) the parties in both actions are the same or are in privity with each other; and (3) the claims in the second action arise from the same transaction or occurrence as the claims in the first action." *Garris-Bey v. Aurora Loan Servs., LLC*, No. 11-6115, 2012 WL 694719, at *2 (D.N.J. Mar. 1, 2012) (citing *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 591 A.2d 592, 599 (N.J. 1991)).

Here, the instant action meets all the elements of res judicata. First, the Court's decision in the December 2014 Action was a final judgment on the merits because that Court dismissed Plaintiff's case with prejudice after she failed to state a claim in her second amended complaint.

8

(Op. 5, *Jaye v. Hoffman*, No. 14-7471 (D.N.J. May 25, 2016), ECF No. 64); *see also Okey v. Strebig*, 617 F. App'x 123, 124 (3d Cir. 2015) (finding that dismissal with prejudice for repeatedly failing to state a claim constitutes a final judgment on the merits). The second element is also satisfied because the December 2014 Action was brought against these Defendants. (*Compare* Second Am. Compl. at 2, *Jaye v. Hoffman*, No. 14-7471 (D.N.J. Dec. 21, 2015), ECF No. 34, *with* Compl. at 1-2.)

Finally, the Court also finds that the third element is satisfied. Under New Jersey law, there are four considerations in determining whether the causes of action arose from the same occurrences: "(1) whether the acts complained of and the demand for relief are the same; (2) whether the material facts alleged are the same; (3) whether the theory of recovery is the same; and (4) whether witnesses and documentation necessary to prove the allegations are the same." *Petrossian v. Cole*, No. 14-3877, 2014 WL 11462440, at *2 n.3 (D.N.J. Nov. 6, 2014).

Here, after litigating a series of state court legal disputes, Plaintiff brought the December 2014 Action in the District of New Jersey against these Defendants. (Second Am. Compl. at 1-2, *Jaye v. Hoffman*, No. 14-7471 (D.N.J. Jan. 13, 2016), ECF No. 34.) In the December 2014 Action, under 42 U.S.C. § 1983 and the NJCRA, Plaintiff alleged wrongful rulings by various judges and improper conduct by the litigants during the state court legal disputes. (*Id.* at 10-11.)

In the instant action, Plaintiff makes the same allegations; adding conspiracy claims under Section 1985(2) and Section 1986. (Compl. ¶¶ 81-95.) Introducing two new counts in the instant action, however, does not constitute a new theory of recovery when the material facts of the alleged wrongful act are the same. *See Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010). Additionally, in both suits, Plaintiff sought declaratory and injunctive relief, compensatory damages, and punitive damages. (*Compare* (Compl. at 10, ECF No. 1), *with* (Second Am. Compl.

9

at 11, *Jaye v. Hoffman*, No. 14-7471 (D.N.J. Dec. 21, 2015), ECF No. 34.) Finally, the evidence to support the claims in both cases are the same. Accordingly, Plaintiff's claims against these Defendants are barred under the doctrine of res judicata and, therefore, are dismissed with prejudice. *See Raab v. Borough of Avalon*, No. 11-3831, 2013 WL 6983381, at *9-10 (D.N.J. Dec. 30, 2013) (dismissing claims with prejudice where the claims were barred under the doctrine of res judicata).

### 2. Judicial Immunity

As an established principle of law, judges are generally "immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991). Judicial immunity encompasses a broad scope of actions by judges, including actions taken in error, "done maliciously, or . . . in excess of [their] authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). The Supreme Court has identified two exceptions to judicial immunity. *Mireles*, 502 U.S. at 11-12. "First, a judge is not immune from liability for non-judicial acts, i.e., actions not taken in the judge's judicial capacity." *Id.* To determine whether an act qualifies as a judicial act, courts look to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12. In contrast, actions of judges taken merely in excess of jurisdiction are protected by absolute immunity. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768-69 (3d Cir. 2000).

Here, all allegations made against the State Judge Defendants constitute judicial acts within their jurisdiction. Although Plaintiff alleges that "all judges[] acted without all jurisdiction in all matters involving [her]," Plaintiff fails to allege sufficient facts in support of this conclusory

statement or that the State Judge Defendants otherwise acted in complete absence of all jurisdiction. (Compl. ¶¶ 24, 79-97). Moreover, Plaintiff alleges that the State Judge Defendants provided orders, filed documents, recorded judgments, and dismissed complaints. (Compl. ¶¶ 29-31, 33, 38, 55-57.) These allegations, however, address judicial acts within the State Judge Defendants' jurisdiction. *See Marangos v. Swett*, No. 07-5937, 2008 WL 4508753, at *7 (D.N.J. Sept. 29, 2008) (ruling that denying motions and filing orders are "quintessential judicial acts within [a judge's] jurisdiction to perform"). Additionally, Plaintiff alleges that the State Judge Defendants "signed warrants in which Plaintiff can be arrested at her home." (Compl. ¶ 69.) Ordering an arrest also constitutes a judicial act within the State Judge Defendants' authority. *Figueroa v. Blackburn*, 39 F. Supp. 2d 479, 486 (D.N.J. 1999). Plaintiff also alleges that the State Judge Defendants "deliberately delayed entering cases into the court's system" and "manipulated the public access system." (Compl. ¶¶ 60, 63.) The Supreme Court has recognized, however, that a judge has the "power to manage their dockets and impose . . . order[s] on those before the court." *In re Orthopedic "Bone Screw" Prod. Liab. Litig.*, 132 F.3d 152, 156 (3d Cir. 1997).

Furthermore, Plaintiff makes several arguments concerning alleged procedural errors that were made by the State Judge Defendants,[5] but judges are immune from liability "even if [their] exercise of authority is flawed by the commission of grave procedural errors." *Stump*, 435 U.S. at 359. Plaintiff further claims that the State Judge Defendants refused to grant orders or enter judgments in her favor. (Compl. ¶¶ 28, 37, 44-45, 47-50, 52.) Disagreement with a judge's decisions or actions, however, "does not justify depriving that judge of his immunity." *Stump*, 435

---

[5] Plaintiff claims that the State Judges refused to "apply the [New Jersey] Rules of Court[,] . . . provide Plaintiff with a jury trial[,] . . . provide Plaintiff with the same process and procedures as any other litigant, . . . inform Plaintiff of orders, court dates and events transpiring[,] . . . provide [Plaintiff with] notice of entries of default[,] . . . [and] send [Plaintiff] copies of the[] orders." (Compl. ¶¶ 23, 25, 36, 62, 68, 70.)

U.S. at 363-64. "[Judicial] immunity will not be lost merely because the judge's action is 'unfair' or controversial." *Gallas*, 211 F.3d at 769. Accordingly, Plaintiff's claims against the State Judge Defendants are barred under the doctrine of judicial immunity and, therefore, dismissed with prejudice. *See Clauso v. Solomon*, No. 14-5280, 2017 WL 1528712, at *6 (D.N.J. Apr. 27, 2017) (dismissing claims against judges with prejudice because the judges were entitled to absolute judicial immunity).

### 3. Litigation Privilege

The State Defendants argue that litigation privilege protects the State AG Office Defendants' communication with the courts. (State Defs.' Moving Br. 19.) Litigation privilege protects communication made in the course of litigation. *See Peterson v. Ballard*, 679 A.2d 657, 659 (N.J. Super. Ct. App. Div. 1996) ("Statements by attorneys, parties and their representatives made in the course of judicial or quasi-judicial proceedings are absolutely privileged and immune from liability."). Litigation privilege shields:

> [A]ny communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.

*Loigman v. Twp. Comm.*, 889 A.2d 426, 437 (N.J. 2006) (citation omitted).

Here, the alleged communications were made by deputy attorneys general, who represented litigants during certain judicial proceedings. Plaintiff alleges that the State AG Office Defendants engaged in ex parte communication with state and federal courts and that the State AG Office Defendants "filed false and fraudulent court documents with the state and the U.S. District Court of New Jersey." (Compl. ¶¶ 26, 32, 74.) The communications, however, were made to advance the defense of their respective clients and, therefore, to achieve the object of the litigation. Additionally, all of the communications concerning Plaintiff were made to address and defend

against Plaintiff's allegations, which were directly or logically related to the proceedings. Accordingly, claims against the State AG Office Defendants are barred under litigation privilege and, therefore, dismissed with prejudice. *See Peterson v. HVM LLC*, No. 14-1137, 2016 WL 845144, at *10 (D.N.J. Mar. 3, 2016) (dismissing claims with prejudice where the litigation privilege barred claims).

### C. The Government's Request for Dismissal of Claims against Judge Sheridan

Similarly, the Government argues that judicial immunity bars Plaintiff from bringing suit against Judge Sheridan. (Gov't's Statement of Interest 8-9.) Here, applying the legal standards for judicial immunity as set forth above, the Court finds that the allegations made against Judge Sheridan arise from his judicial acts. Plaintiff claims that Judge Sheridan "den[ied] removal of a case based on an incomplete record" and "refused to recuse himself . . . in a matter in which there was a known conflict of interest." (Compl. ¶¶ 72, 75.) Plaintiff also argues that Judge Sheridan "refused to correct erroneous facts" and "altered his order *sua sponte* in a separate order." (Compl. ¶¶ 71,73). Plaintiff's allegations against Judge Sheridan consist of actions taken in his judicial capacity, which can only be brought on appeal and not in a separate action. *See Hallett v. New Jersey*, No. 09-3704, 2009 WL 2843886, at *5 (D.N.J. Sept. 1, 2009) (finding that immunity protects a judge acting in her judicial capacity and that the plaintiff should have filed an appeal to seek recourse for any potential adjudication errors).

In addition, Plaintiff alleges that Judge Sheridan was involved in ex parte communication with "a lawyer in his chambers prior to oral argument." (Compl. ¶ 74.) This allegation does not circumvent judicial immunity because immunity applies even when judges engage in an "informal and ex parte" manner. *Forrester v. White*, 484 U.S. 219, 227 (1988); *see also Dunsmore v. Chester Cty. Children & Youth Servs.*, No. 92-3746, 1993 U.S. Dist. LEXIS 1000, at *4 (E.D. Pa. Jan. 29,

1993) ("That a judge does not ordinarily engage in ex parte communications with counsel—to the alleged detriment of opposing counsel—does not mean that such conduct is nonjudicial."). Accordingly, the Court finds that judicial immunity bars Plaintiff's claims against Judge Sheridan and dismisses all claims against Judge Sheridan with prejudice. *See Clauso*, 2017 WL 1528712, at *6.

## IV. Conclusion

For the reasons set forth above, the Clerk's Office Defendants' Motion to Vacate Entry of Default is GRANTED, the State Defendants' Motion to Dismiss is GRANTED, and the Government's request for dismissal on behalf of Judge Sheridan is GRANTED. The Court will issue an order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** August 9th, 2017