UNPUBLISHED OPINION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Chris Ann JAYE, | |
| Plaintiff, | Civil No. 16-7771 (RBK/KMW) |
| v. | **OPINION** |
| John HOFFMAN, *et al.*, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Defendant Mary Melfi's motion to dismiss. (ECF No. 85.) Also before the Court is Plaintiff's Rule 60(b) motion to vacate this Court's previous order striking her First Amended Complaint from the record. (ECF No. 104.) As explained below, we see no reason to vacate our previous order and Plaintiff's Rule 60(b) motion is **DENIED**.

As for the motion to dismiss, Plaintiff Chris Ann Jaye has alleged that Melfi, a clerk for Hunterdon County, recorded fraudulent liens against Plaintiff's property, along with other similar allegations, though without any factual allegations specific enough to cross the threshold from remote possibility to plausibility. In any event, however, Melfi is entitled to judicial immunity. As such, Defendant's motion is **GRANTED**.

I.  **THE FACTS**

This Court has already endeavored to chart the twists and turns of this case and will not recite them again here. (*See* Op. at 2-4, ECF No. 80.) In brief, Plaintiff believes a series of lawsuits brought against her, and the dismissal of lawsuits brought by her—all more or less concerning non-payment of condominium fees and a subsequent, possibly related foreclosure action—are

1

proof of a vast conspiracy among government and private persons in league against her. The allegations, as directed at Melfi, are that she filed liens of a diverse nature that were not "valid" and that she recorded assignments and judgments against Plaintiff's property. Furthermore, Melfi "deliberately refused to act to discharge recorded liens filed against Plaintiff's home after they were paid, under duress, by the Plaintiff." (Compl. ¶¶ 40-41.) Plaintiff sued Melfi under 28 U.S.C. §§ 1983, 1985, and 1986 as well as the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10-6-1.

Plaintiff first filed her complaint with this Court, one in a long series of similar cases, on October 24, 2016. On August 9, 2017, the Court dismissed all parties from this case with prejudice save for Melfi, instead vacating an entry of default against her. (ECF No. 80.) Plaintiff then moved to amend the opinion and order (ECF No. 83), which was also denied. (ECF No. 109.) Defendant Melfi then moved for dismissal (ECF No. 85), and Plaintiff attempted to file an amended complaint which, among other defects, continued to name several judges that had been dismissed from the case and added new parties without any justification for doing so. (ECF No. 86.) The Court struck this complaint, which did not correct any of the pleading deficiencies and instead created new errors. (ECF No. 100.) Plaintiff then moved to vacate that order, which we review today. (ECF No. 104.)

## II.    THE 12(b)(6) STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to

2

dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

### III. DISCUSSION

Plaintiff's complaint appears to argue that Melfi's performance of her duties as a clerk implicates her in a sweeping conspiracy and that she should be liable for violations of Plaintiff's civil rights. Even if we assume that Plaintiff has stated a claim as to her civil rights claims, itself a dubious proposition, Melfi is entitled to judicial immunity. The doctrine of absolute quasi-judicial immunity encompasses the "well-grounded principle that any public official acting pursuant to court directive is also immune from suit." *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1971). As the Third Circuit recently held with respect to another of Plaintiff's cases, Plaintiff has not "set forth information which might show that court personnel acted contrary to the judicial rulings against her." *See Jaye v. Attorney Gen. New Jersey*, 706 F. App'x 781, 784 (3d Cir. 2017). Accordingly, we find Melfi is entitled to judicial immunity for her role in recording liens and judgments, even assuming Plaintiff is correct in her apparently baseless assertion that these judgments are invalid and conspiratorial. Plaintiff's complaint is dismissed with prejudice as to Melfi.

3

## IV. THE RULE 60(b) MOTION

With respect to Plaintiff's request to vacate our order striking her amended complaint, we begin by noting that Plaintiff's amended complaint was replete with the same sweeping allegations characteristic of her filings in other matters, and made no attempt to elaborate on the nature of the claims brought against Melfi. Furthermore, it added new defendants, many of whom are already defendants in another proceeding filed by Defendant or have already (and unsuccessfully) been sued by Defendant in other past proceedings. She did this without the leave of Court and with disregard for the pendency of a nearly-identical matter already before the Court. We note that Rule 1 of the Federal Rules of Civil Procedure directs that the rules "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." We also note that as part of its general authority to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal action. *See Colorado River Water Cons. Dist. v. United States*, 424 U.S. 800, 817 (1976).

However, we will assume, for the sake of argument, that Plaintiff's amendment was indeed timely. We may even assume that Plaintiff had a right to add new parties, despite her transparent attempt to sue the same parties again and again. Yet even with those assumptions, to permit amendment would have been futile. Plaintiff's proposed complaint did not cure any of the defects identified in the Court's opinion dismissing every defendant but Melfi the first time around. (ECF No. 80.) And the generalized, sweeping allegations addressed toward judges, lawyers, businesses, and indeed clerks of court, are simply insufficient. Indeed, with Melfi's dismissal, this case is now closed, and any parties or claims Plaintiff wishes to add to this litigation are already facing, indeed in many instances have already faced, the same claims in another of Plaintiff's cases, causing no prejudice to Plaintiff. *See, e.g.*, *Jaye v. Shipp*, No. 17-5257. Because "[u]nder Rule 60(b), relief

4

from judgment is directed to the discretion of the trial court, and its exercise of that discretion will not be disturbed unless there was clear error and abuse of discretion," *Sec. & Exch. Comm'n v. Warren*, 583 F.2d 115, 120 (3d Cir. 1978), Plaintiff's motion to vacate is denied.

## V. CONCLUSION

For the reasons stated herein, Defendant Melfi's motion to dismiss is **GRANTED** and Plaintiff's motion to vacate is **DENIED**. An order follows.


Dated:   March 28, 2018                                     s/ Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge