IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| Chris Ann JAYE, | : | |
| | : | |
| Plaintiff, | : | Civil No. 16-7771 (RBK/KMW) |
| v. | : | |
| | : | **ORDER** |
| John HOFFMAN, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**KUGLER**, United States District Judge:

**THIS MATTER** having come before the Court upon Plaintiff Chris Ann Jaye's Motion to Consolidate this case with similar proceedings in 14-7471, 15-8324, and 17-5257 (ECF No. 112); Plaintiff's Motion for Reconsideration of this Court's March 28, 2018 Opinion (ECF No. 113); Plaintiff's Motion for Recusal of Judge Kugler (ECF No. 114); Plaintiff's Motion to Make Findings of Fact pursuant to Fed. R. Civ. P. 52 and 59 (ECF No. 118), and Plaintiff's Motion to Reopen Case and Demand to Correct the Record (ECF No. 119);

**FIRST,** the Court notes that under Fed. R. Civ. P. 42(a), the Court may consolidate actions "to avoid unnecessary cost or delay," *see Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496, 53 S. Ct. 721, 727–28, 77 L. Ed. 1331 (1933) ("consolidation is permitted as a matter of convenience and economy in administration");

**THE COURT FINDING** that at this late date it would be neither convenient nor economical to consolidate these cases;

**SECOND,** the Court notes that Plaintiff appears to be seeking reconsideration of this Court's previous orders (ECF Nos. 109 and 111) pursuant to Rule 59(e), under which there are

essentially four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law, *see Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985);

**THE COURT FINDING** that with respect to Plaintiff's request to reconsider this Court's order of March 26, 2018 (ECF No. 109), the Court declines to reconsider an order which was itself a dismissal of a previous request for reconsideration in the form of a motion to amend an opinion (ECF No. 81);

**THE COURT ALSO FINDING** that Plaintiff has not presented any new arguments or evidence, and instead seeks to rehash her disapproval of quasi-judicial immunity, recently re-affirmed by the Third Circuit in *Jaye v. Attorney Gen. New Jersey*, 706 F. App'x 781, 784 (3d Cir. 2017), judicial review, *see Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803), and supplemental jurisdiction, *see* 28 U.S.C. § 1367, as well as the erroneous argument that the interpretation of Rule 12 set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) does not apply to her;

**THE COURT ALSO FINDING** that the balance of Plaintiff's arguments address the Court's supposed hostility toward Plaintiff because it has entered judgments adverse to her, and that Plaintiff has not articulated a change in law, newly discovered evidence, manifest injustice, or clear error such that could warrant reconsideration of the Court's order of March 28, 2018;

**THIRD,** the Court notes that under 28 U.S.C. § 455(a), a judge must recuse from a matter when the moving party files an affidavit that is legally sufficient to support a charge of bias or prejudice," *Cooney v. Booth*, 262 F. Supp. 2d 494, 501 (E.D. Pa. 2003) ) (citing *Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976)), and that Plaintiff's affidavit appears to be anchored in the belief that the Court's rulings are personal attacks;

**THE COURT FINDING**, however, that judicial rulings "almost never constitute a valid basis for bias or partiality motion," *Liteky v. United States*, 510 U.S. 540, 554 (1994), and that Plaintiff's motion for recusal does not present facts that rise to the level of judicial impropriety;

**FOURTH,** the Court notes that Plaintiff's "Motion to Make Findings of Fact per R. 52, Amend Judgments per R. 59, and Adjudicate All Matters Prior to Appeal per R. 1 and Proof of Service" (ECF No. 118) is an 11-point thesis replete with nonsensical arguments such as that Defendants lack standing;

**THE COURT NOTING** that to the extent Plaintiff's Motion to Amend Judgments raises issues cognizable under Rule 59, "[t]he decision on whether or not to grant Rule 59 relief rests within the sound discretion of the trial court," *Procter & Gamble Co. v. Paragon Trade Brands*, Inc., 15 F. Supp. 2d 406, 408 (D. Del. 1998) (citing *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980)), and that the Court will exercise its discretion and deny Plaintiff's request;

**FIFTH,** the Court notes that Plaintiff requests to reopen this case, but that there is currently no reason to do so;

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Consolidation (ECF No. 112) is **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 113) is **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recusal (ECF No. 114) is **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's Rule 59 Motion (ECF No. 118) is **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reopen the Case (ECF No. 119) is **DENIED**.


Dated:   May 18, 2018                              s/ Robert B. Kugler
                                                   ROBERT B. KUGLER
                                                   United States District Judge